RECEIVED SEP 0 5 2017 AT 8:30_____M WILLIAM T. WALSH CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KEVINE JACKSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

HONORABLE ANNE E. THOMPSON

Civil Action
No. 16-3089 (AET)

**OPINION**

APPEARANCES:

Kevine Jackson, Petitioner pro se
65754-050
Federal Correctional Institution Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

R. Joseph Gribko, AUSA
United States Attorney's Office
970 Broad Street
Suite 700
Newark, New Jersey 07102
    Attorney for Respondent United States of America

**THOMPSON, District Judge:**

**I.    INTRODUCTION**

Kevine Jackson ("Petitioner") moves to vacate, correct, or set aside his federal sentence pursuant to 28 U.S.C. § 2255. Amended Motion, Docket Entry 5. Respondent United States of America opposes the motion. Answer, Docket Entry 7. For the reasons stated herein, Petitioner's motion is denied, and no certificate of appealability will issue.

## II. BACKGROUND

On August 1, 2013, Petitioner was charged via complaint with possessing a firearm and ammunition after being convicted of a crime punishable by more than one year. 18 U.S.C. § 922(g)(1). The FBI searched Petitioner's home on August 9, 2013 and discovered evidence of drug trafficking and dog fighting. Answer ¶¶ 24-25.

Petitioner and the United States entered into a plea agreement in which Petitioner agreed to plead guilty to an information charging him with one count of unlawful possession of a firearm, 18 U.S.C. § 922(g)(1), and one count of possession of an animal for the purpose of engaging in an animal fighting venture, 7 U.S.C. § 2156(b). Plea Agreement, Respondent Exhibit A. The United States agreed not to prosecute Petitioner for certain other firearms and controlled substances offenses in exchange for Petitioner's guilty plea. *Id.* at 1. Petitioner also agreed to waive certain appellate and collateral attack rights. Plea Agreement Schedule A ("Schedule A") ¶ 15.

The Court conducted a hearing pursuant to Federal Rule of Criminal Procedure 11 on September 29, 2014. Plea Transcript, Respondent Exhibit C. Petitioner confirmed he wanted to waive his right to have a grand jury return an indictment and that no one had threatened him or promised him anything that was not in the plea agreement in order to get him to plead guilty. *Id.* 5:6-

25. He further confirmed he signed the Rule 11 form after reviewing it with his attorney. *Id.* 7:1-5, 11:16-20. *See also* Application for Permission to Plead Guilty ("Rule 11 Form"), Respondent Exhibit B. The Court reviewed the rights Petitioner waived by pleading guilty, and the United States reviewed the terms of the plea agreement.

The parties agreed that several sentencing enhancements applied to Petitioner's sentence, including two four-level enhancements under U.S.S.G. §§ 2K2.1(b)(5) and 2K2.1(b)(6)(B). Schedule A ¶¶ 5, 7. The agreement also set forth that Petitioner waived his right to file an appeal or collateral attack, including a motion pursuant to 28 U.S.C. § 2255, that "challenge[d] the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from offense level 35 or, if U.S.S.G. 5G1.1(a) applies in accordance with paragraph 13, 180 months." *Id.* ¶ 15. The parties agreed that a 180-month sentence would be reasonable. *Id.* ¶ 13. The United States also agreed to submit a 5K1.1 motion. Answer ¶ 31. Petitioner indicated the United States' summary of the plea agreement conformed to his understanding of the terms, and admitted to selling firearms and possessing them in connection with narcotics trafficking and to possessing pit bulls for the purpose of dog fighting. Plea Transcript 15:11-13, 17:14 to 18:14. The Court accepted Petitioner's guilty plea and

determined Petitioner was knowingly and voluntarily waiving his rights. *Id.* 19:11-14.

The parties appeared before the Court on May 28, 2015 for sentencing. Sentencing Transcript, Respondent's Exhibit D. The Court calculated the guideline range to be between 262 and 327 months based on an offense level of 34 and criminal history category of 6. *Id.* 18:4-8. After hearing argument from trial counsel and Petitioner regarding mitigating factors, the Court sentenced Petitioner to 110 months incarceration. *Id.* 18:20-22. Petitioner did not file a direct appeal.

Petitioner filed a motion under 28 U.S.C. § 2255 on May 31, 2016. Docket Entry 1. On June 2, 2016, this Court issued a notice and order pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) advising Petitioner of his rights and the potential consequences of filing the § 2255 motion. *Miller* Order, Docket Entry 2. Petitioner responded on June 20, 2016 indicating he wished to withdraw the filed petition and file a new all-inclusive petition. *Miller* Response, Docket Entry 3. The Court gave Petitioner 30 days to submit his all-inclusive petition, which Petitioner submitted on July 27, 2016, Docket Entry 5. Respondent filed its answer on October 28, 2016, Docket Entry 7, and Petitioner did not submit a traverse.

The motion is now being considered on the papers as the record conclusively shows Petitioner is not entitled to an

evidentiary hearing or relief. Fed. R. Civ. P. 78(b); 28 U.S.C. § 2255(b).

III. **STANDARD OF REVIEW**

Section 2255 provides in relevant part that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

IV. **ANALYSIS**

Petitioner argues his sentence is invalid because the Court erroneously applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) (Ground One); there was not sufficient evidence to warrant an enhancement under U.S.S.G. § 2K1.2(b)(6)(B) (Ground Two); and, the Court failed to adequately consider the factors in 18 U.S.C. § 3553(a) (Ground Three). Respondent argues the claims are barred by the appellate and collateral attack waiver provision in the plea agreement, that Petitioner procedurally

defaulted on the claims, and Petitioner has not been prejudiced by any alleged errors.

## A. Waiver of Collateral Attack Rights

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver. The right to appeal in a criminal case is among those rights that may be waived." *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008), *cert. denied*, 557 U.S. 903 (2009). "[W]aivers of appeals should be strictly construed" and "if entered into knowingly and voluntarily, are valid." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). As Respondent argues the motion should be dismissed under the waiver in the plea agreement, the Court will not review the merits if: "(1) the issues raised fall within the scope of the appellate waiver; and (2) [Petitioner] knowingly and voluntarily agreed to the appellate waiver; unless (3) enforcing the waiver would 'work a miscarriage of justice.'" *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014) (quoting *United States v. Grimes*, 739 F.3d 125, 128-19 (3d Cir. 2014)), *cert. denied*, 136 S. Ct. 400 (2015).

Petitioner's plea agreement stated in relevant part:

> KEVINE JACKSON knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other

6

>writ or motion, including but not limited to . . . a
>motion under 28 U.S.C. § 2255, which challenges the
>sentence imposed by the sentencing court if that
>sentence falls within or below the Guidelines range that
>results from offense level 35 or, if U.S.S.G. 5G1.1(a)
>applies in accordance with paragraph 13, 180 months. .
>. . The provisions of this paragraph are binding on the
>parties even if the Court employs a Guidelines analysis
>different from that stipulated to herein. Furthermore,
>if the sentencing court accepts a stipulation, both
>parties waive the right to file an appeal, collateral
>attack, writ, or motion claiming that the sentencing
>court erred in doing so.

Schedule A ¶ 15. The Court sentenced Petitioner to 110 months, below the Guideline range of 262 months to 327 from an offense level of 34 and criminal history category of 6. Sentencing Transcript 18:4-8. As the sentence was below the guidelines range for offense level 35, the Court finds that Petitioner's arguments fall within the plain terms of the waiver provision.

The Court also finds that Petitioner knowingly, voluntarily, and intelligently waived his right to raise a collateral attack. Petitioner signed the application for permission to plead guilty acknowledging the waiver. Rule 11 Form ¶ 40. The Court questioned Petitioner at length during the Rule 11 hearing regarding his understanding of the plea agreement and his desire to plead guilty. *See generally* Plea Transcript. *See also* Fed. R. Crim. P. 11(c). Petitioner stated under oath that no one threatened him or promised him anything other than what was stated in the plea agreement. Plea Transcript 5:16-21. He confirmed his medication had no effect on

7

his ability to understand the proceedings. *Id.* 9:2-4. Counsel for the United States reviewed the appellate waiver, *id.* 14:15-24, and Petitioner confirmed the Government's description of the plea agreement reflected his own understanding of the terms, *id.* 15:11-13. The record clearly indicates Petitioner knowingly and voluntarily agreed to the waiver. The waiver must therefore be enforced unless there is "the 'unusual circumstance' of 'an error amounting to a miscarriage of justice' in his sentence." *United States v. Erwin*, 765 F.3d 219, 226 (3d Cir. 2014) (quoting *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001)).

The Court finds that enforcement of the waiver provision would not work a miscarriage of justice. In making this determination, the Court considers "'[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" *United States v. Grimes*, 739 F.3d 125, 130 (3d Cir. 2014) (quoting *Khattak*, 273 F.3d at 563). Here, the balance of these factors weigh in favor of enforcing the waiver.

Petitioner raises no constitutional claims or arguments that trial counsel rendered ineffective assistance in

8

negotiating the plea. He argues only that the Court erred in calculating his sentence. This is "'precisely the kind of "garden variety" claim of error contemplated by [an] appellate waiver.' It is not a 'miscarriage of justice.'" *United States v. Castro*, 704 F.3d 125, 141-42 (3d Cir. 2013) (quoting *Sotirion v. United States*, 617 F.3d 27, 38 (1st Cir. 2010)) (second alteration in original). Petitioner specifically agreed to the application of the four-level enhancements under § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). Schedule A ¶¶ 5, 7. The facts agreed to by Petitioner in the plea agreement and stated at the Rule 11 hearing support each of these enhancements, and the Court considered all of the mitigating factors raised by Petitioner and counsel in their sentencing submission and arguments. Even if the Court did err, Petitioner was not significantly impacted because the imposed sentence of 110 months is far below the agreed-upon reasonable sentence of 180 months. Finally, the Government would be harmed by not enforcing the waiver because it would be deprived of the benefit of its bargain with Petitioner. Having weighed the *Khattak* factors, the Court finds enforcing the waiver would not be a miscarriage of justice.

The collateral attack provision is binding and enforceable against Petitioner. The petition shall be denied as barred by the plea agreement.

## B. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it debatable that the arguments in the motion are covered by the collateral attack provision and that the waiver provisions should be enforced.

## V. CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied as it is barred by the plea agreement. No certificate of appealability shall issue. An accompanying Order will be entered.

Aug. 28, 2017
Date

ANNE E. THOMPSON
U.S. District Judge